Ex parte Monserrate Colón, Petitioner and Appellant.

No. 2432. Argued March 31, 1925.—Decided April 2, 1925.

1. Contempt — Subpoena — Failure to Appear. — When a person who under a wrong name has been subpoenaed to appear as a witness in a municipal court fails to appear and does not deny, but tacitly admits, that he was subpoenaed the court has power to punish him for contempt.

2. Id.—Habeas Corpus — Excessive Sentence — Modification. — The Supreme Court can not modify in a habeas corpus proceeding the sentence imposed upon the petitioner, although it may seem excessive.

District Court of Guayama, Gabriel Castejón, J. Judgment denying a writ of habeas corpus. Affirmed.

Felipe Colón Díaz and Carlos del Toro Fernández for the petitioner-appellant. José E. Figueras, Fiscal, for the Government.

Mr. Justice Aldrey delivered the opinion of the court.

This is an appeal by Monserrate Colón from a judgment of the District Court of Guayama refusing to enlarge him in habeas corpus proceedings.

It appears from the transcript that in a complaint for assault and battery filed in the Municipal Court of Guayama against Lino González it is averred that the person injured had two wounds dressed by practitioner Fernando Colón, who was included in the list of witnesses but failed to appear in court on the day set for the trial, whereupon the municipal court made a verbal order requiring him to appear to show cause why he should not be punished for contempt. The appellant appeared before the municipal court and stated that he had been performing an operation in the municipal hospital and therefore had been delayed, and the municipal court sentenced him to three days in jail for contempt.

Although the appellant's name appears in the complaint and the commitment as Fernando Colón, it is admitted that the person who appeared to show cause and who was sentenced for contempt was Monserrate Colón, and the appellant's attorney had moved at the hearing on the habeas corpus petition that the mistake be corrected. Therefore, the error assigned in this court that the district court er-

roneously considered that the appellant was subpoenaed as Fernando Colón in the trial of Lino González was not committed. It is alleged that Monserrate Colón was not subpoenaed because the name in the list of witnesses was Fernando Colón, but this is untenable because Monserrate Colón did not deny in the municipal court that he had been subpoenaed and tacitly admitted that he had been subpoenaed, stating the reason for his tardiness in appearing.

[1, 2] Section 56 of the Code of Criminal Procedure confers power upon justices of the peace to compel the attendance of persons to testify in any proceeding pending before them, and section 61 authorizes them to punish for contempts committed before them in the exercise of their judicial duties by a fine not exceeding two dollars and fifty cents or imprisonment in jail not exceeding five days, or both. These powers are also vested in the municipal courts, as was held in *Ex parte Pesquera,* 17 P.R.R. 706; therefore, the municipal court had jurisdiction to punish the appellant for contempt, and although the sentence imposed upon the appellant seems to this court excessive, it can not be modified in this habeas corpus proceeding.

The judgment appealed from must be affirmed.